## CIRCUIT COURT OF FAIRFAX COUNTY

Les G. Jones

    v.

Jennifer G. Forbes

October 25, 1994

Case No. (Chancery) 134962

BY JUDGE F. BRUCE BACH

This matter is before the Court upon defendant Forbes' Plea of Res Judicata and plaintiff Jones' Motion to Quash and Deny that plea. This Court heard oral argument on August 19, 1994.

Jones' bill of complaint alleges that Jones and Forbes orally agreed to form a partnership and to acquire a residential property in Forbes' name; that Jones contributed $76,800 toward the purchase of the property; that the partnership bought the property to give Jones' wife and children a place to live; that Jones and Forbes agreed not to encumber the property without each other's permission; and that the parties agreed that upon the eventual sale of the property, Jones would recoup his initial investment and the parties would share any additional profits. The bill alleges that, despite these agreements, Forbes evicted Jones' wife and children from the property, placed $19,500 in deeds of trust against it, and listed it for sale. The bill further alleges that Forbes has denied Jones' interest in the property and has refused to repay his $76,800 investment. Jones asks that the Court declare a resulting trust in favor of the partnership and enter a $78,000 judgment for Jones, or, in the alternative, order Forbes to convey the property to the partnership.

In her plea, defendant Forbes argues that this case is barred by a March 18, 1994, General District Court judgment in *Jennifer G. Forbes v. Deanna Jones and Les G. Jones*, CD 94-3170. There, without opinion, the court ruled for Forbes in her unlawful detainer action against Les Jones

and his wife Deanna, awarding Forbes *$5,791* and possession of the property that is the subject of this suit. The unlawful detainer bill alleged that Forbes had rented the property to the Joneses; that Deanna Jones resided there; and that the Joneses owed Forbes three months' rent and utility bills. In their answer, the Joneses alleged that Forbes held only "bare legal title" to the property and that she held it "in trust, constructively, for and on behalf of" Les Jones. The record evidence introduced at the unlawful detainer hearing included Forbes's deed and $184,000 promissory note for the property, and an unsecured promissory note to Forbes from "Dulles Equities" for $62,000. The record does not reflect the relevance of this latter note.

At oral argument in this Court, counsel for defendant Forbes stated that the plaintiff's allegations here were necessarily decided by the General District Court because the Joneses raised a constructive trust defense to the unlawful detainer action. In contrast, plaintiff's counsel argued that the General District Court ruled only on the validity of the lease agreement under which Deanna Jones occupied the property and that the Court specifically declined to rule on the trust defense.

Because the General District Court judgment concerns a different cause of action from the one at issue in this case, the defendant is asserting the "collateral estoppel" branch of the res judicata defense. *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917 (1974). Under collateral estoppel, parties to an action are precluded from relitigating any issue of fact actually litigated and essential to a judgment in the first action. *Id.* The party raising this defense must show by a preponderance of the evidence that the issue should be precluded by the prior judgment. *Id.* The defendant has not made that showing here.

Thus, the record from the General District Court discloses, at most, a determination that Forbes held title to the property, that Deanna Jones lived there under a valid rental agreement, and that she and Les Jones were in arrears under that agreement. None of these elements of the unlawful detainer action is contradicted or sought to be relitigated in the instant bill of complaint. While it is apparent that the General District Court did not find that the Joneses were relieved of their rental obligation by Forbes's alleged duty to hold the property in trust on behalf of Les Jones, there is no evidence that the Court allowed proof on that point or resolved it on its merits. Further, the finding that the Joneses owed money under the rental agreement required no resolution of the allegations found in the Circuit Court bill of complaint, namely, that another agreement between Forbes

and Les Jones gives him the right to recover his $76,800 investment and to share in other partnership rights and benefits concerning the property. Finally, not only was a resolution of these matters factually unnecessary, but the General District Court lacked jurisdiction to consider them. Under Va. Code § 16.1-77, the General District Court can decide disputes involving amounts only up to $10,000.

Accordingly, the plaintiff's Motion to Quash and Deny Defendant's Plea of Res Judicata is granted.